IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD STEVEN BRYAN                                                                                    PLAINTIFF

      v.                              Civil No. 5:23-cv-05238-TLB-MEF

MATTHEW WHITAKER,
Springdale Police Crime Prevention Task Force;
SERGEANT JOSH KIRMER,
Springdale Police Department (SPD);
OFFICER MITCHELL HAMMONS, SPD; and
OFFICER JOHN BILLINGSLEY, SPD                                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Donald S. Bryan ("Bryan"), pursuant to 42 U.S.C. § 1983. Bryan proceeds *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on the Motion for Judgment on the Pleadings and Motion to Dismiss filed by the Defendants. (ECF Nos. 39 & 44). Bryan has responded to both Motions. (ECF Nos. 49 & 52). The Motions are ready for decision.

### I.    BACKGROUND

According to the Complaint, on March 2, 2022, Bryan was a passenger in a vehicle driven by a friend. (ECF No. 1 at 3). Bryan's friend drove to a motel in Springdale looking for her friend. *Id.* Bryan's friend parked in front of a room, got out and knocked, and no one answered the door. *Id.* Bryan's friend then drove to the other side of the motel, parked in front of a room, and got out and knocked. *Id.*

Bryan says he stayed in the car the whole time. (ECF No. 1 at 4). Defendant Whitaker,[1] approached the vehicle and told both Bryan and his friend that they needed to "show our I.D.'s because he thought that my friend knocking on a motel door was suspicious." *Id.* Bryan responded that he did not commit a crime. *Id.* If Bryan did not provide his name, he was advised he would be charged with loitering. *Id.* Defendant Whitaker indicated he had never lost a case of loitering. *Id.*

When Bryan "went to turn on [his] camera phone that was clearly in [his] hand," Bryan was "yanked out of the car and accused of reaching for something." (ECF No. 1 at 4). Bryan was cuffed and arrested. *Id.* The officers turned off Bryan's camera and "took phone numbers out of [his] phone" and "even bragged about it in front of me.[2]" *Id.* Bryan asserts he was profiled as a drug dealer because he had long hair. *Id.*

Bryan sued the Defendants in their individual and official capacities. (ECF No. 1 at 4). He maintains Defendant Whitaker and his co-workers lied, falsely accused him, made up crimes,

---

[1] The Complaint was served on Defendant Whitaker, and he was directed to identify the other officers "involved in the March 2, 2022, arrest of the Plaintiff at a hotel in Springdale, Arkansas." (ECF No. 6 at 2). Defendant Whitaker responded that only Officer Hammons assisted in the arrest while Officers Kirmer, Billingsley, and Hartley were merely present during Defendant Whitaker's arrest of the Plaintiff. (ECF No. 24 at 1). The Court was advised that Officer Hartley was involved in a serious motorcycle accident and was in the hospital in a coma. *Id.* at 2. Bryan then filed a Motion to substitute the identified officers for the John Doe Defendants. (ECF No. 26). The Motion was granted and the Complaint served on Defendants Billingsley, Hammons, and Kirmer. (ECF Nos. 27-28). When they were served, Defendants Billingsley, Hammons, and Kirmer were directed to advise the Court where Defendant Hartley was hospitalized. (ECF No. 28 at 2). Further, if they knew whether a guardian had been appointed for Defendant Hartley or who his next of kin was, Defendants were to provide this information to the Court. *Id.* Defendants responded that Defendant Hartley had been transferred to the Brooke Army Medical Center in Fort Sam Houston, Texas. (ECF No. 30 at 1 n.1). Because service could not be obtained on Defendant Hartley, he was terminated as a Defendant. (ECF No. 33).

[2] The Motion for Judgment on the Pleadings does not mention the alleged search of Bryan's cell phone.

assaulted him, kidnapped him, and falsely imprisoned him. *Id.* He asserts Defendants turned his "rights into crimes and deprived [him] of liberty and [the] pursuit of happiness." *Id.* a 5.

As relief, Bryan seeks compensatory and punitive damages. (ECF No. 1 at 5). He wants to press criminal charges against the Defendants. *Id.* Bryan also believes the Defendants should be retrained. *Id.*

In his answer, Defendant Whitaker states he and "other officers in the Crime Suppression Unit, was in the area of the Scottish Inn motel." (ECF No. 23 at 1). Defendant Whitaker admits he was an officer involved in the March 2, 2022, incident, asked Bryan for his identification, and that Bryan was handcuffed and arrested. *Id.* at 1-2. He denies that Bryan stayed in the vehicle the whole time and indicates Bryan went back to the vehicle to sit in the passenger seat after he observed the police officers. *Id.* at 2. Defendant Whitaker states Bryan was charged with loitering, possession of a controlled substance, possession of drug paraphernalia, and two outstanding warrants. *Id.* at 2.

The warrants are attached as exhibits to Defendant Whitaker's answer. (ECF No. 23-1 at 1-5). The first warrant attached is from the Washington County District Court, Prairie Grove Department and shows an entry date of February 1, 2022, on charges of failure to appear, a class A misdemeanor. *Id.* at 1. The next warrant was issued by the Washington County District Court, Elm Springs Department on February 25, 2022, for Bryan's third failure to appear. *Id.* at 3. The final warrant was issued on March 2, 2022, by the Circuit Court of Benton County for failure to appear. *Id.* at 5.

In the answer filed by Defendants Kirmer, Billingsley, and Hammons, Defendants Kirmer and Billingsley admit they were present during Bryan's arrest but assert they were not directly involved with or personally responsible for his arrest. (ECF No. 30 at 1-2). Defendant Hammons

3

admits he was present but asserts he was "merely an assisting officer as he assisted Officer Matthew Whitaker in [Bryan's] arrest." *Id.* at 2.

## II.     APPLICABLE LAW

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings have closed. The Court applies the same standard on a motion for judgment on the pleadings as it would on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and parentheticals omitted).

"Courts deciding a Rule 12(c) motion are required to accept as true the complaint's well-pled allegations and must resolve all inferences in the plaintiff's favor." *Foster Cabe Servs., Inc. v. Deville*, 368 F. Supp. 3d 1265, 1270 (W. D. Ark. 2019) (citation omitted). This "tenet does not apply to legal conclusions, 'formulaic recitation of the elements of a cause of action,' or naked assertions which are so indeterminate as to require further factual enhancement." *Id.* (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). A "judgment on the pleadings is appropriate when there are no material facts to resolve[,] and the moving party is entitled to a judgment [in his favor] as a matter of law." *Mills v. City of Grand Forks*, 614 F.3d 495, 497-98 (8th Cir. 2010). While generally, a Court must ignore all materials outside the pleadings, *Porous*

*Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999), the Court may consider materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record in ruling upon a Rule 12(c) motion.  *Id.*

### III.   DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  To state a claim under § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

### A.  Motion for Judgment on the Pleadings

Defendants move for judgment on the pleadings on the following grounds: (1) prior to Bryan's arrest on March 2, 2022, three magistrates had determined probable cause issued for his arrest and warrants had been issued; (2) even if probable cause did not exist, they are entitled to qualified immunity as arguable probable cause did exist; (3) Bryan has failed to allege facts sufficient to state a claim for official capacity liability; (4) Bryan's tort claims of assault and false imprisonment are barred by the applicable statute of limitations; and (5) kidnapping is a criminal offense and may not be asserted as a civil claim.

#### 1.  The Detention

Under *Terry v. Ohio*, 392 U.S. 1, 30 (1968), a police officer may stop and briefly detain a person for investigatory purposes if the officer has a reasonable suspicion that criminal activity may be a foot—known as a *Terry* stop.  In determining if an officer had reasonable suspicion, the Court considers the information the officers possessed at the time. *Id.* at 21-22.  "It requires 'some

minimal level of objective justification,' but a series of acts may be 'innocent if viewed separately, but . . . taken together warrant [] further investigation.'" *Irvin v. Richardson*, 20 F.4th 1199, 1204 (8th Cir. 2021) (quoting *United States v. Sokolow*, 490 U.S. 1, 7, 9-10 (1989) (cleaned up)).

Here, Defendants observed the car in which Bryan was a passenger go to one area of the hotel, where the driver knocked on a door, and when there was no answer the driver moved to another area of the hotel, knocked on a second door, which was not answered. At this point, Defendant Whitaker approached the vehicle and asked for ID. When Bryan merely responded he had not committed a crime and then picked up his phone to turn the camera on, Defendant Whitaker grabbed him, pulled him out of the vehicle, and arrested him. There is nothing in the pleadings suggesting Defendant Whitaker or the other Defendants were aware of the existence of the warrants when the arrest was made. Therefore, the warrants cannot be utilized to justify the decision to detain and arrest Bryan.³ Nothing in the pleadings indicates the hotel was the site of frequent drug activity or other criminal activity. There is nothing inherently suspicious in the act of knocking on two separate doors at a hotel.

Moreover, "a refusal to cooperate, without more, does not furnish the minimal level of objective justification needed for a detention or seizure." *Florida v. Bostick*, 501 U.S. 429, 437 (1991). Even if we presume the hotel was a place where criminal activity was known to occur, a fact not contained in the pleadings, "an individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the

---

³ Defendant Whitaker submitted the warrants with his answer and Defendants ask the Court to take judicial notice of them. (ECF Nos. 23 & 40). Defendants suggest the existence of the warrants provides a sound presumption that there was reasonable suspicion and probable cause to detain and arrest Bryan. Even if the Court takes judicial notice of the warrants, this does nothing to suggest Defendants were aware of the existence of these warrants until after Bryan was arrested. Thus, the existence of the warrants does not answer the question of whether the investigative stop and arrest were valid under the Fourth Amendment. Defendants' attempt to bootstrap justification for the detention and arrest by information obtained post-arrest is unavailing.

person is committing a crime." *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). While "nervous, evasive behavior is a pertinent fact in determining reasonable suspicion," Bryan's act of merely returning to the passenger seat, assuming he did, is not indicative of flight. *Id.* From the facts set forth in the pleadings, no reasonable suspicion of criminal activity existed at the time Defendant Whitaker initially detained Bryan.

### 2. The Arrest

Based on the facts alleged by Bryan, Defendants argue Defendant Whitaker had probable cause, or at least arguable probable cause, to detain and arrest Bryan for the crime of loitering under Ark. Code Ann. § 5-71-213(a)(1). Defendant Whitaker asserts he had probable cause to arrest Bryan for loitering based on his refusal to identify himself and explain his presence "to dispel Officer Whitaker's suspicion and alarm that Plaintiff was distributing controlled substances." (ECF No. 40 at 9).

Under Ark. Code Ann. 5-71-213(a)(1):

(a) A person commits the offense of loitering if he or she:

> (1) Lingers, remains, or prowls in a public place or the premises of another person without apparent reason and under circumstances that warrant alarm or concern for the safety of persons or property in the vicinity and, upon inquiry by a law enforcement officer, refuses to identify himself or herself and give a reasonably credible account of his or her presence and purpose[.]

"[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). The Eighth Circuit has stated that "[p]robable cause exists when "the totality of the circumstances at the time of the arrest '[is] sufficient to lead a reasonable officer to believe that the defendant has committed or is committing an offense." *Borgman v, Kedley*, 646 F.3d 518, 523 (8th Cir. 2011) (quoting *Fisher v. Wal-Mart Stores, Inc.,*

7

619 F.3d 811, 816 (8th Cir. 2010)). "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010).

"We must give law enforcement officers 'substantial latitude in interpreting and drawing inferences from factual circumstances,' ... but such latitude is not without limits." *Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999) (quoting *United States v. Washington*, 109 F.3d 459, 465 (8th Cir. 1997)). First, evidence tending to "negate the possibility that a suspect committed a crime is relevant" to whether probable cause exists. *Id.* "In this sense, the Fourth Amendment requires that we analyze the weight of all the evidence—not merely the sufficiency of the incriminating evidence." *Id.* Second, "law enforcement officers have a duty to conduct a reasonably thorough investigation prior to arresting a suspect, at least in the absence of exigent circumstances and so long as law enforcement would not be unduly hampered if the agents wait to obtain more facts before seeking arrest." *Id.* (internal punctuation marks and citations omitted).

Regarding Defendant Whitaker's alleged suspicion about Bryan possibly distributing drugs, the only allegation in the Complaint is that after the arrest Bryan was told by one of the Defendants that his long hair led the Defendants to think he was a drug dealer. A male having long hair, by itself, is not inherently suspicious. At this stage, the Court is not free to draw inferences in favor of Defendants; rather, the Court must merely look to the factual allegations of the pleadings to determine whether probable cause existed to arrest Bryan for loitering.

"Linger" is defined as to be "slow in parting or in quitting something.[4]" "Remain" is defined as "to stay in the same place or with the same person or group" or "to continue unchanged.[5]" "Prowl" is defined as "to move about or wander stealthily in or as if in search of

---

[4] https://www.merriam-webster.com/dictionary/linger (last visited November 6, 2024).
[5] https://www.merriam-webster.com/dictionary/remains (last visited November 6, 2024).

prey.⁶" Taking the allegations in the Complaint as true, there is nothing suggesting Bryan was lingering, remaining, or prowling . . . on the premises of another person "without apparent reason and under circumstances that warrant alarm or concern for the safety of persons or property in the vicinity." Ark. Code Ann. § 5-71-213(a)(1). Immediately after the driver knocked on the second door and received no response, Defendant Whitaker approached the vehicle. Nothing in the pleadings indicates the temporal proximity between the vehicle arriving at the hotel and Defendant Whitaker's approach to the vehicle and Bryan's exchange with Defendant Whitaker.⁷ Based on the pleadings, there is simply insufficient information for the Court to find as a matter of law that probable cause existed to arrest Bryan for loitering. The finding of probable cause is based on the factual circumstances surrounding the arrest and the officer's inferences made at that time. This determination cannot be made from the pleadings in this case.

Defendant Whitaker next argues he had arguable probable cause to arrest Bryan. An officer is entitled to "qualified immunity for a warrantless arrest if the arrest was supported by at least 'arguable probable cause.'" *Jospeh v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013). "Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based on probable cause if the mistake is objectively reasonable." *Id.* (internal quotation marks and citation omitted).

Defendant Whitaker says:

> As alleged by Plaintiff, he and his female friend were at a hotel, and his female friend was driving around, with Plaintiff in the passenger seat, knocking on motel doors on either side of the motel without any answer. Officer Whitaker approached Plaintiff and his friend and directed them to show their identification because he was alarmed by the friend knocking on the motel doors, and he suspected Plaintiff was a drug dealer. Upon inquiry, Plaintiff refused to provide his identification to Officer Whitaker twice, and instead of giving a reasonably credible account of his presence

---

⁶ https://www.merriam-webster.com/dictionary/prowl (last visited November 6, 2024).
⁷ In his response, Bryan asserts the vehicle could not have been at the motel for more than three to four minutes. (ECF No. 49 at 3).

> or purpose, he stated that he did not commit a crime and turned on his camera phone. Officer Whitaker accused Plaintiff of reaching for something, yanked him out of the car, handcuffed him, and arrested him.

(ECF No. 40 at 9) (citing ECF No. 1).

Defendant Whitaker's argument finds little support from the facts alleged in the pleadings. First, Bryan's friend knocked on only two doors. Second, Defendant Whitaker only told Bryan he thought it was suspicious that Bryan's friend "knocking on a motel door was suspicious." Third, the Complaint only alleges Bryan was asked for his ID a single time. Finally, as previously pointed out, the Complaint does not allege that Defendant Whitaker thought Bryan was a drug dealer, the only allegation being that after his arrest Bryan was told: "They thought I was drug dealer cuz I have long hair."

Based on the pleadings, the Court cannot find that arguable probable cause existed. The Court simply does not know the reasons Defendant Whitaker and the remaining Defendants thought probable cause existed. Therefore, the Court cannot say Bryan was arrested on the mistaken belief that probable cause existed for his arrest.

### 3. Official Capacity Claim

Defendants next contend that there is no basis for an official capacity claim. An official capacity claim is considered a claim against the employing governmental entity, here, the City of Springdale. *Crawford v. Van Buren Cty.*, 678 F.3d 666, 669 (8th Cir. 2012). "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Indep., Mo.*, 829 F.3d 695, 699 (8th Cir. 2016) (citations omitted).

In the area of the Complaint where Bryan was asked to describe the custom, policy, or wide spread practice that he believed caused the violation of his constitutional rights, he alleged: "He lied, falsely accused me, made up crimes, assaulted me[,] kidnapped me[,] falsely imprisoned me along with his co-workers." The Court agrees that this falls far short of alleging the existence of a municipal policy, custom, or deliberately indifferent failure to train or supervise sufficient to assert a plausible official capacity claim.

### 4. Assault, False Imprisonment, and Kidnapping

Defendants argue that Bryan's state law tort claims of assault and false imprisonment are barred by the one-year statute of limitations contained in Ark. Code Ann. § 16-56-104(2). This statute provides that actions for assault and battery or false imprisonment shall be commenced within one year after the cause of action shall accrue. The arrest occurred on March 2, 2022. Bryan filed this action on December 27, 2023, more than a year later. The assault and false imprisonment claims are, therefore, barred by the statute of limitations.

Defendants maintain that kidnapping is a crime and not a civil cause of action. *See* Ark. Code Ann. § 5-11-102. The Court agrees that aside from bringing a false imprisonment claim, which as just noted is time-barred, Bryan may not bring a cause of action for kidnapping.

### 5. Defendants Kirmer, Billingsley, and Hammons

Defendants' final argument is that Defendant Whitaker is the officer that interacted with Bryan, not the others, and the claims against the remaining Defendants fail as a matter of law. From the pleadings, however, the Court knows the following facts: Bryan was arrested and his cell phone was searched; Defendant Hammons assisted in Bryan's arrest; and Defendants Kirmer and Billingsley were present at the scene.

Based on the pleadings, the Court cannot say there is no plausible claim against Defendant Hammons who assisted in the arrest. Additionally, Defendants have a duty to intervene when a constitutional violation occurred in their presence—at least to the extent Bryan asserts an excessive force claim for being "yanked out of the car." *See e.g., Hess v. Ables*, 714 F.3d 1048, 1052 (8th Cir. 2013) (duty to intervene has not been extended outside of excessive force claims); *see also McManemy v. Tierney*, 970 F.3d 1034, 1039 (8th Cir. 2020) (There is a duty to intervene to prevent the unconstitutional use of excessive force but no duty to prevent the constitutional use of reasonable force). While it is true Bryan uses the term assault when referencing Defendant Whitaker's actions, the Court must construe the Complaint in Bryan's favor at this stage of the case. Based solely on the pleadings, Defendants Kirmer, Billingsley, and Hammons are not entitled to dismissal of the claims against them.

### B.     Motion to Dismiss

The Motion to Dismiss is based on Bryan's alleged failure to respond in a timely manner to the Motion for Judgment on the Pleadings. The Court extended Bryan's time to respond on several occasions. The last extension of time gave Bryan until September 11, 2024, to submit his response. (ECF No. 48). Bryan's response was filed on September 13, 2024. (ECF No. 52). While untimely by two days, the Court has considered the response. The Motion to Dismiss is, therefore, moot.

### IV.     CONCLUSION

For the reasons discussed above, I recommend:

- the Motion for Judgment on the Pleadings (ECF No. 39) be **GRANTED IN PART AND DENIED IN PART.** Specially, the Motion should be **GRANTED** on the following claims:

- o   the official capacity claims;

- o   the state law claims of assault and false imprisonment; and,

- o   the kidnapping claim.

- the Motion for Judgment on the Pleadings (ECF No. 39) should be **DENIED** as to all other claims.

- the Motion to Dismiss (ECF No. 44) be **DENIED as moot.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**Status of the Referral:** This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

**RECOMMENDED** this 12th day of November 2024.

*s/ Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE