IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD STEVEN BRYAN                                     PLAINTIFF

v.            Civil No. 5:23-cv-05238-TLB-MEF

MATTHEW WHITAKER,
Springdale Police Crime Prevention Task Force;
SERGEANT JOSH KIRMER,
Springdale Police Department;
OFFICER MITCHELL HAMMONS,
Springdale Police Department; and
OFFICER JOHN BILLINGSLEY,
Springdale Police Department                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Donald Steven Bryan, pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is the Defendants' Motion to Dismiss and Brief in Support. (ECF Nos. 59, 60). Plaintiff has responded to the Motion. (ECF Nos. 65, 69).

### I.    DISCUSSION

On November 7, 2024, Defendants filed a Motion to Compel. (ECF No. 53). Defendants alleged they propounded discovery requests to Plaintiff on September 18, 2024, but they received no responses from Plaintiff. After sending a good faith letter to Plaintiff, Defendants filed the Motion to Compel. By Order entered on November 11, 2024, the Motion to Compel was granted.

1

(ECF No. 56). Plaintiff was directed to provide Defendants with the required discovery responses by November 26, 2024. *Id.*

Defendants filed their Motion to Dismiss on December 2, 2024. (ECF No. 59). In their Motion, Defendants state that Plaintiff has not provided them with responses to their discovery requests.

Plaintiff was directed to respond to the Motion. (ECF No. 62). Plaintiff failed to respond and on December 30, 2024, a Show Cause Order was entered. (ECF No. 64). Plaintiff was given until January 21, 2025, to show cause for his failure to respond to the Motion to Dismiss. On January 2, 2025, Plaintiff filed a combined response to the Motion to Dismiss and Motion to Amend his complaint. (ECF No. 65). Plaintiff's response, however, merely restates his claims. He did not indicate that he provided Defendants with responses to their discovery requests. The document was also filed as a separate Motion to Amend the Complaint. (ECF No. 66). Defendant responded noting that the discovery responses were not attached and opposing the Motion to Amend. (ECF No. 67). The Motion to Amend was denied. (ECF No 68).

On January 14, 2025, Plaintiff filed a combined response to the Show Cause Order and to the Motion to Dismiss. (ECF No. 69). Plaintiff states he was unable to respond to the discovery requests because he was homeless, had no phone, no transportation, and no money. When he was reincarcerated on November 10, 2024, Plaintiff indicates he did not receive indigent envelopes for four weeks. Plaintiff indicates he also mistakenly thought the Motion to Dismiss had been denied because of a statement in an Order entered by the Honorable Timothy L. Brooks adopting a report and recommendation. (ECF No. 63). Specifically, the Order granted in part and denied in part a Motion for Judgment on the Pleadings (ECF No. 39) and denied as moot a Motion to Dismiss

2

(ECF No. 44). Plaintiff says he now realizes Judge Brooks' Order was referring to a previous Motion to Dismiss. Plaintiff states he is now receiving two envelopes per week and will not miss any more deadlines. Plaintiff does not mention the Defendants' discovery requests.

On March 5, 2025, Defendants filed a Motion to Supplement (ECF No. 74) their Motion to Dismiss. Defendants state that as of the date of this filing they have not received Plaintiff's discovery requests. Defendants ask that the case be dismissed with prejudice. Defendants attach an exhibit which they maintain further supports their argument that they are entitled to dismissal with prejudice.

The attached exhibit is a 63-page document Defendants received from Plaintiff entitled "letter of presumption/petition for redress of grievances lawful notice." (ECF No. 74-1). The document is signed and notarized on February 21, 2025. Defendants are advised that if they do not respond or reply to the letter they admit to and agree with all claims, complaints, charges, and information contained in the letter. Plaintiff indicates this is his attempt to resolve the case before it goes any further. What follows is a rambling document in which Plaintiff asserts he is a constitutionalist, states he considers the oath of office taken by public servants to be more than a formality, discusses the First Amendment right to free speech, the delegation of powers clause, the Fourth Amendment, objects to being charged under any statute produced by a revision committee or someone other than Congress, the common law, and declares that he is an American State National, a natural person and not a legal person, etc.[1] On page 27, Plaintiff argues that municipalities have discovered they can make money by arresting people and filling up prison

---

[1] The document consists of a series of single pages of writing each of which are followed by a notary certificate.

facilities. Beginning on page 31, Plaintiff provides a recitation of the factual allegations made in his complaint and discusses qualified immunity. The exhibit makes clear that Plaintiff had ample access to writing material and was able to mail the voluminous document to the Defendants.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. When considering Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct"; (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or ... persistent failure to prosecute a

complaint. [The Court must consider] ... whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

To date, Plaintiff has not responded to discovery requests propounded to him by the Defendants on September 18, 2024, nearly six months ago. Plaintiff notified the Court he was released from incarceration by notice filed on April 17, 2024. (ECF No. 31). Contrary to Plaintiff's assertions that he had no means to respond to the discovery requests, it is obvious from his ability to file multiple documents with the Court during the period he was free world that Plaintiff had access to writing materials and postage. (*See, e.g.*, ECF Nos. 36, 46, 49, 52). Plaintiff informed the Court he was again incarcerated by notice filed on November 25, 2024. (ECF No. 58). Further, even after the Plaintiff offered the Court his assurances on January 14, 2025, that he would miss no more deadlines, understood that Defendants' Motion to Dismiss was still pending, and had access to envelopes, Plaintiff still has not responded to the Defendants' discovery requests. (ECF No. 69). In November 2024, Plaintiff was advised that the failure to provide the Defendants with his discovery responses "shall subject this case to summary dismissal." (ECF No. 56).

## II. CONCLUSION

For these reasons, it is RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 59) be **GRANTED and this case DISMISSED WITH PREJUDICE** pursuant to Rule 41(b), based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral:** **The referral terminates upon the filing of this Report and Recommendation.**

DATED this 14th day of March 2025.

                                           /s/ *Mark E. Ford*
                                           HON. MARK E. FORD
                                           UNITED STATES MAGISTRATE JUDGE